IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILBERTO MELENDEZ,** : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:25-cv-03202-JDW |
| : | |
| **JUDGE MERRILL M. SPAHN, JR.,** *et al.*, : | |
| Defendant. : | |

## MEMORANDUM

Wilberto Melendez claims that Lancaster County, Pennsylvania, doesn't train judges and court officers (including Judge Merrill M. Spahn) on how to sentence defendants pursuant to Pennsylvania's sentencing guidelines. But neither Judge Spahn nor any other court officer works for Lancaster County, so the County is not responsible for their conduct. I will therefore dismiss Mr. Melendez's Amended Complaint with prejudice.

## I.     FACTUAL ALLEGATIONS

On April 30, 2025, Judge Spahn sentenced Mr. Melendez to life in prison after a jury convicted him of first-degree murder. He claims that the sentence violates his Eighth and Fourteenth Amendment rights. During allocution, Mr. Melendez requested that Judge Spahn clarify the statutory basis for the sentence he imposed, but Judge Spahn refused to provide the information. Judge Spahn's refusal to identify the statutory basis for the sentence he imposed denied Mr. Melendez the opportunity to contest the basis of the sentence. Mr. Melendez also claims that his case was not designated as a capital case, so

Judge Spahn lacked statutory authority to impose a life sentence. Mr. Melendez claims that Lancaster County failed to train judges and unidentified court officers on the importance of adhering to statutory guidelines in sentencing.

Mr. Melendez filed this lawsuit on June 16, 2025. On July 28, 2025, he filed a motion to amend his claim. The proposed Amended Complaint appears to drop the claims against Judge Spahn and only asserts claims against Lancaster County.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of her suit. See *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. See *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe her allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

### A.    *In Forma Pauperis*

Mr. Melendez has demonstrated his inability to prepay the required fees and costs of filing this suit by completing the required forms and providing a copy of his prison account statement. I will grant him leave to proceed *in forma pauperis*. Because Mr. Melendez is a prisoner, the Prison Litigation Reform Act requires that he pay the full filing fee in installments regardless of the outcome of this case.

### B.    **Plausibility Of Claims**

#### 1.    **Operative pleading**

Federal Rule of Civil Procedure 15(a) permits a plaintiff to amend a pleading once as a matter of course, no later than 21 days after serving it. F. R. Civ. P. 15(a)(1)(A). Mr. Melendez has not served his original Complaint, so he did not have to file a motion for leave. I will grant his motion, though, and treat the Amended Complaint as the operative complaint in the case. *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*). It's not clear if Mr. Melendez knew that an Amended Complaint would nullify the original Complaint, but it doesn't matter because the claims against Judge Spahn lacked merit in any event. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); Mr. Melendez does not allege that Judge Spahn acted outside the

3

scope of his judicial duties when he sentenced him. Moreover, there is no suggestion that Judge Spahn acted in the complete absence of jurisdiction. Because sentencing is a function normally performed by a judge, Judge Spahn would enjoy absolute immunity for claims based on his actions taken during Mr. Melendez's sentencing.

### 2. Claims against Lancaster County

Mr. Melendez asserts claims based on alleged violations of his constitutional rights. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Mr. Melendez alleges that Lancaster County failed to train its judges and court officers regarding the importance of adherence to statutory guidelines in sentencing. Although Mr. Melendez's trial and sentencing occurred in Lancaster County, Judge Spahn is an employee of the Commonwealth of Pennsylvania's Unified Judicial System, not Lancaster County. Thus, his actions are not attributable to Lancaster County. Any unnamed court employees who violated his rights would also be Commonwealth employees, not county employees. Therefore, his claims against the County are not plausible. In addition,

Mr. Melendez cannot cure his claim with an amended complaint. I will therefore dismiss the claim with prejudice.

## IV.  CONCLUSION

I will grant Mr. Melendez leave to proceed *in forma pauperis*, grant his Motion to Amend Civil Action, and dismiss his Amended Complaint with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Any additional pleading would be futile, so I will not grant Mr. Melendez leave to file a second amended complaint. An appropriate Order follows

                            **BY THE COURT:**

                            */s/ Joshua D. Wolson*
                            **JOSHUA D. WOLSON, J.**

September 17, 2025